27 F.3d 568
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas Edward SIMPSON, Defendant-Appellant.
 No. 93-6005.
 United States Court of Appeals, Sixth Circuit.
 June 6, 1994.
 
 Before: KEITH and SUHRHEINRICH, Circuit Judges; and JOINER, Senior District Judge*.
 PER CURIAM.
 
 
 1
 Defendant Thomas Edward Simpson was convicted of three counts of possession with intent to distribute LSD in violation of 21 U.S.C. Sec. 841(a)(1). On appeal, defendant challenges the district court's refusal to reduce his offense level for acceptance of responsibility, as well as the lower court's use at sentencing of defendant's post-arrest statements. We AFFIRM.
 
 I.
 
 2
 In February 1992, the Pennyrile Narcotics Task Force learned from a confidential informant that defendant was using and selling LSD in Muhlenberg County, Kentucky. The informant, working for the task force, arranged three purchases of the drug from defendant. Defendant, in turn, would purchase LSD from an individual named Thomas Hagan.
 
 
 3
 The first purchase occurred in April 1992, with the informant purchasing 50 hits of LSD from defendant. At that time defendant also showed the informant the 50 hits defendant had purchased for himself. The second purchase took place in May, 1992, with the informant purchasing 100 hits and defendant purchasing 150 hits for himself.
 
 
 4
 On the occasion of the third purchase, June 26, 1992, the informant gave defendant $500 to purchase LSD. The informant also loaned defendant $30 so that defendant could buy some "hits" for himself. The officers from the task force set up surveillance at the proposed meeting site between defendant and Hagan. After defendant left the site, the officers pursued him and eventually forced him to pull over. They discovered 350 hits of LSD under the driver's seat of defendant's truck, as well as a fully-loaded .22 caliber revolver, a single shot 410 shotgun, and a single shot .22 caliber rifle. The officers also arrested Hagan, and recovered the $530 used to purchase the LSD.
 
 
 5
 Later in the evening of the 26th, defendant provided a recorded statement to the police regarding his involvement with the crimes. Defendant admitted that he had purchased the 350 hits of LSD from Hagan for $875, and that he had made the purchase in order to resell the LSD to some of his friends. Defendant also indicated that he planned to sell the LSD to his friends without making any profit from the sale. Defendant told the officers that he had purchased LSD on at least three different occasions in the three months before his arrest, and that he bought approximately 100 hits of LSD each time. Defendant later reported essentially the same information to the probation officer.
 
 
 6
 Defendant was charged with three counts of possession with intent to distribute LSD in violation of 21 U.S.C. Sec. 841(a)(1) and one count of carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. Sec. 924(c). The jury convicted defendant on the drug counts and acquitted on the weapons charge.
 
 
 7
 Defendant's presentence investigation report calculated defendant's criminal history category as I, and a total offense level of 24, which represented a base offense level of 26 with a two-point reduction for acceptance of responsibility. The district court declined to grant the two-point reduction, recommended by the probation officer, on the basis of its finding that defendant had lied when he told the officers that he never intended to make a profit from selling LSD. With a total offense level at 26, defendant's guideline range was set at 63 to 78 months. The district court sentenced defendant to 63 months on each of the three counts, to be served concurrently. This appeal followed.
 
 II.
 
 8
 Defendant claims that he is entitled to a two-point reduction for acceptance of responsibility because he admitted his involvement of the crime at the time of his arrest and during the course of the pre-sentence investigation. The district court acknowledged that defendant did admit to the conduct which lead to his conviction, but also found that he gave several statements regarding relevant conduct that were false. Specifically, the court found that defendant was less than truthful when he told the officers that he never intended to sell the LSD for profit. (J.A. at 45.) The court was apparently relying upon transcripts of the tape-recorded conversations between the confidential informant and defendant. (J.A. at 39.) One of the recordings indicated that defendant was purchasing LSD for $2.50 a hit, and then selling it at $5.00 a hit. (Id.)[1]
 
 
 9
 A district court's determination of a defendant's acceptance of responsibility is a fact question and may only be reversed if clearly erroneous. United States v. Chambers, 944 F.2d 1253, 1270 (6th Cir.1991), cert. denied, 112 S.Ct. 1217 (1992). A court's application of the guideline to a given set of facts, however, is a question of law subject to de novo review. United States v. Morrison, 983 F.2d 730, 732 (6th Cir.1993).
 
 
 10
 The district court relied upon Application Note 1 to U.S.S.G. Sec. 3E1.1, which provides in relevant part that in determining whether a defendant should receive a two-point reduction, an appropriate consideration is whether the defendant truthfully admitted or did not falsely deny any additional relevant conduct for which the defendant is accountable under Sec. 1B1.3 (Relevant Conduct). U.S.S.G. Sec. 3E1.1, comment. (n. 1(a)). Thus, although a defendant is not required to volunteer or admit relevant conduct beyond the offense of conviction, "a defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility...." Id.
 
 
 11
 The record reflects that defendant's claim that he did not sell the drugs for profit is inconsistent with statements found in the tape-recorded conversations. In addition, defendant was less than forthright when he told the officers that he was not buying the LSD for any particular person, when in fact he was purchasing it for the confidential informant. We find no error in the lower court's factual findings or application of the guidelines.
 
 
 12
 Defendant also challenges the district court's consideration of defendant's post-arrest statements on the grounds that they were not properly admitted into evidence. Having failed to raise this objection below, we will reverse only if we find the admission to be plain error. United States v. Morrow, 977 F.2d 222, 229 (6th Cir.1992) (en banc), cert. denied, 113 S.Ct. 2969 (1993). We do not. It is the rule in this circuit, in accordance with the sentencing guidelines themselves, that the sentencing court may consider relevant information without regard to its admissibility under the rules of evidence that govern at trial. Rather, the test is whether the information bears sufficient indicia of reliability to support its probable accuracy. U.S.S.G. Sec. 6A1.3. United States v. Silverman, 976 F.2d 1502, 1512 (6th Cir.1992) (en banc), cert. denied, 113 S.Ct. 1595 (1993). This claim is without merit.
 
 
 13
 For the foregoing reasons, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior District Judge for the Eastern District of Michigan sitting by designation
 
 
 [1]
 The government introduced other examples of inconsistencies and misstatements by defendant, but it is not altogether clear from the record whether the district court relied upon them. See J.A. at 45-46